UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

16 MAR 15 PM 1: 18

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

| | | |
|---|---|---|
| JANE DOE, by her parent and natural guardian, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| vs. | ) | |
| | ) | |
| JARED FOGLE, RUSSELL TAYLOR and ANGELA TAYLOR, | ) | **1:16**-cv-**0578** LJM-TAB |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, Jane Doe, by her parent and natural guardian, by counsel, and for her

Complaint for Damages and Request for Jury Trial against the Defendants, Jared Fogle, Russell

Taylor and Angela Taylor, alleges and states as follows:

**I. PARTIES**

1.      At all times relevant herein, Jane Doe, a minor, and her parent and natural guardian

were citizens of Connersville, Fayette County, Indiana.

2.      At all times relevant herein, Jared Fogle was a citizen of Zionsville, Boone County,

Indiana.

3.      At all times relevant herein, Russell Taylor was a citizen of Indianapolis, Marion

County, Indiana.

4.      At all times relevant herein, Angela Taylor was a citizen of Indianapolis, Marion

County, Indiana.

1

## II. JURISDICTION AND VENUE

5.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's cause of action arising under 18 U.S.C. § 2255.  This Court has supplemental jurisdiction over Plaintiff's causes of action arising under Indiana state law pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred within the Southern District of Indiana.

## III. FACTS

7.     On several occasions between March 2011 and January 30, 2015, Jane Doe, a minor, along with other minor children, were guests at the current and former residence of Russell and Angela Taylor in Indianapolis, Marion County, Indiana ("Taylor residence").  Angela Taylor was present during Jane Doe's visits to the Taylor residence.

8.     At all times that Jane Doe, a minor, was at the Taylor residence, Angela Taylor and Russell Taylor assumed responsibility to exercise reasonable care in the supervision and wellbeing of Jane Doe while she was in their control and custody.

9.     At some time between March 2011 and January 2015, Russell Taylor installed multiple hidden cameras concealed in clock radios positioned with the intent that they would capture various minors, including Jane Doe, changing clothes, showering, bathing or engaging in other personal and private activities not intended to be observed or viewed by others.

10.     Defendants had knowledge of the presence of hidden cameras throughout the Taylor residence and knowledge that said hidden cameras were being used with the intent that they would capture various minors changing clothes, showering, bathing or engaging in other personal

and private activities and failed to act or otherwise prevent the occurrence of said actions in the future.

11.     At some time between March 2011 and January 2015, Russell Taylor utilized the multiple hidden cameras concealed throughout the Taylor residence for the purpose of secretly producing visual depictions of the nude body of Jane Doe and other minor children. Jane Doe and other minor children were unaware they were being secretly filmed throughout the Taylor residence. Russell Taylor distributed some of these sexually explicit images and videos of Jane Doe and other minor children to Jared Fogle.

12.     On multiple occasions between March 2011 and January 2015, Jared Fogle received from Russell Taylor nude images and videos secretly depicting the nude body of Jane Doe and other minor children.

13.     Jared Fogle and Russell Taylor discussed among themselves that Russell Taylor was secretly producing nude images and videos of minor children in the Taylor residence in violation of 18 U.S.C. § 2251(a) and Jared Fogle failed to act or otherwise prevent said action from occurring in the future and instead encouraged and solicited such activities to continue.

14.     On multiple occasions between March 2011 and January 2015, Jared Fogle and Russell Taylor knowingly distributed and/or received, and unlawfully conspired to distribute and/or receive nude images and videos secretly depicting the naked body of Jane Doe and other minor children, knowing that all those filmed were minors. All of which is a violation of 18 U.S.C. § 2252.

15.     On May 4, 2015, Russell Taylor was charged with twelve (12) counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one (1) count of possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), in connection with his recording of nude images and videos secretly depicting the naked body of several minors, including Jane Doe.

16.     On August 19, 2015, Jared Fogle was charged with one (1) count of distributing and receiving visual depictions of minors engaging in sexually explicit conduct, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2), in connection of his distribution and/or receipt of the nude images and videos secretly depicting the naked body of several minors, including Jane Doe.

17.     On August 19, 2015, Jared Fogle filed his *Petition to Enter Plea of Guilty and Plea Agreement*, agreeing to enter a plea of guilty as to the one (1) count of distributing and receiving visual depictions of minors engaging in sexually explicit conduct, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2), in connection with his distribution and/or receipt of the nude images and videos secretly depicting the naked bodies of several minors, including Jane Doe.

18.     On September 1, 2015, Russell Taylor filed his *Petition to Enter Plea of Guilty and Plea Agreement*, agreeing to enter a plea of guilty as to the twelve (12) counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one (1) count of distributing and receiving visual depictions of minors engaging in sexually explicit conduct, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2), in connection with the nude images and videos secretly depicting the naked bodies of several minors, including Jane Doe.

19.     On November 19, 2015, judgment was entered against Jared Fogle in accordance with his plea agreement for his violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2423(b) and (e).

20.     On December 10, 2015, judgment was entered against Russell Taylor in accordance with the terms of his plea agreement for his violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252(a)(2).

## COUNT I – 18 U.S.C. § 2255 – Civil Remedy for Personal Injuries
## JARED FOGLE & RUSSELL TAYLOR

21.     Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

22.     As set forth herein, Jane Doe, a minor, was a victim of Jared Fogle's violation of 18 U.S.C. 2252(a)(2) and has suffered personal injuries as a result of said violation.

23.     As a direct and proximate result of Jared Fogle's violations of 18 U.S.C.§ 2252, Jane Doe has suffered personal injuries and is entitled to recover damages against Jared Fogle in an amount no less than $150,000.00, costs of this suit and reasonable attorneys' fees, as set forth in 18 U.S.C. 2255(a).

24.     As set forth herein, Jane Doe, a minor, was a victim of Russell Taylor's violation of 18 U.S.C. 2251(a) and 18 U.S.C. 2252(a)(2) and has suffered personal injuries of a result of said violations.

25.     As a direct and proximate result of Russell Taylor's violations of 18 U.S.C.§ 2252, Jane Doe has suffered personal injuries and is entitled to recover damages against Russell Taylor in an amount no less than $150,000.00, costs of this suit and reasonable attorneys' fees, as set forth in 18 U.S.C. 2255(a).

## COUNT II – INFLICTION OF EMOTIONAL DISTRESS
## JARED FOGLE & RUSSELL TAYLOR

26.     Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

27.     Russell Taylor's utilization of multiple hidden cameras concealed throughout the Taylor residence in order to secretly produce visual depictions of the naked bodies of Jane Doe and other minor children, and subsequent distribution of said visual depictions to Jared Fogle, constitutes extreme, outrageous and reckless conduct.

28.     Jared Fogle encouragement, solicitation and receipt from Russell Taylor of visual depictions of the naked bodies of various minors, including Jane Doe, and subsequent distribution thereof, constitutes extreme outrageous and reckless conduct.

29.     As a direct and proximate result of the extreme, outrageous and reckless conduct of Russell Taylor and Jared Fogle, and both of them, Jane Doe has and will continue to suffer severe emotional distress and personal injuries.

## COUNT III – INVASION OF PRIVACY
## JARED FOGLE & RUSSELL TAYLOR

30.     Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

31.     At all times material herein, Jane Doe had a reasonable expectation of privacy, physical solitude and seclusion while changing clothes, showering, bathing or engaging in other personal and private activities while in the private quarters at the Taylor residence.

32.     Russell Taylor's utilization of multiple hidden cameras concealed throughout the Taylor residence in order to secretly produce visual depictions of Jane Doe and subsequent distribution of said visual depictions to Jared Fogle constitutes an intrusion upon Jane Doe's privacy, physical solitude and seclusion.

33.     Jared Fogle encouragement, solicitation and receipt from Russell Taylor of visual depictions of Jane Doe, and subsequent distribution thereof, constitutes an intrusion upon Jane Doe's privacy, physical solitude and seclusion.

34.     As a direct and proximate result of the intrusion upon Jane Doe's privacy, physical solitude and seclusion by Russell Taylor and Jared Fogle, Jane Doe has and will continue to suffer personal injuries and mental anguish.

## COUNT IV – NEGLIGENT SUPERVISION
## ANGELA TAYLOR & RUSSELL TAYLOR

35.     Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

36.     At all times relevant herein, Angela Taylor resided at the Taylor residence with her husband, Russell Taylor.

37.     At all times relevant herein, Defendants Angela Taylor and Russell Taylor were present during Jane Doe's visits to the Taylor residence.

38.     At all times relevant herein, Jane Doe, a minor, was entrusted to Angela Taylor's and Russell Taylor's care and supervision and each separately owed a duty to exercise reasonable care in their supervision of Jane Doe.

39.     Defendants each breached their respective duty of care to Jane Doe and each were negligent in their respective care and supervision of Jane Doe.

40.     Defendants were negligent in that they knew or reasonably should have known of the presence of multiple hidden cameras concealed throughout the Taylor residence which were used to secretly produce visual depictions of the naked bodies of minor guests of the Taylor residence, including Jane Doe.  Additionally, Defendants were negligent in that they knew or should have known that the Taylor residence was an unsafe and unfit environment for minor guests, including Jane Doe, due to their knowledge of Russell Taylor's and Jared Fogle's sexual desires, among other things.

41.     As a direct and proximate result of Defendants' negligent actions and omissions, Jane Doe suffered severe, traumatic and permanent injuries and mental anguish.

## COUNT V – NEGLIGENCE
## ALL DEFENDANTS

42.     Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

43.     At all times relevant herein, Defendants owed Jane Doe a duty to act or otherwise prevent the filming of minor guests of the Taylor residence while said minors were changing clothes, showering, bathing or engaging in other personal and private activities.

44.     At all times relevant herein, Defendants were aware that minor guests of the Taylor residence were being secretly filmed changing clothes, showering, bathing or engaging in other personal and private activities, but failed to act or otherwise prevent said action.

45.     Defendants breached their duty of care and were negligent in that they were aware that minor guests of the Taylor residence were being secretly filmed changing clothes, showering, bathing or engaging in other personal and private activities, but failed to act or otherwise prevent said action.

46.     As a direct and proximate result of Defendants' negligent actions and omissions, Jane Doe suffered severe, traumatic and permanent injuries and mental anguish.

WHEREFORE, Plaintiff, Jane Doe, by her parent and natural guardian, pray for judgment against the Defendants in an amount sufficient to compensate Plaintiff for her injuries and damages sustained as a result of Defendants' actions in an amount no less than $150,000.00, plus costs of this action, attorneys' fees, and for all other relief just and proper in the premises.

## REQUEST FOR JURY TRIAL

Comes now Plaintiff, Jane Doe, by her parent and natural guardian, by counsel, and hereby requests a trial by jury.

Respectfully submitted,

McNEELY, STEPHENSON,

M. Michael Stephenson, #1824-73
Brady J. Rife, #25378-73
*Attorneys for Plaintiff, Jane Doe*

McNEELY, STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, Indiana 46176
(317) 825-5110 - Telephone
(317) 825-5109 – Facsimile