UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, by her parent and natural guardian, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  CASE NO. 1:16-cv-0578-LJM-TAB<br>) |
| JARED FOGLE, RUSSELL TAYLOR, and ANGELA TAYLOR, | )<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANT, JARED FOGLE'S ANSWER AND
AFFIRMATIVE DEFENSE TO
PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant, Jared Fogle ("Fogle"), by counsel, for his Answer and Affirmative Defense to Plaintiff's Complaint for Damages (the "Complaint"), states:

**I. PARTIES**

1. At all times relevant herein, Jane Doe, a minor, and her parent and natural guardian were citizens of Connersville, Fayette County, Indiana.

**ANSWER:** **Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint, the effect of which is a denial of said allegations.**

2. At all times relevant herein, Jared Fogle was a citizen of Zionsville, Boone County, Indiana.

**ANSWER:** **Fogle admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.**

3. At all times relevant herein, Russell Taylor was a citizen of Indianapolis, Marion County, Indiana.

**ANSWER:   Fogle admits the allegations set forth in paragraph 3 of Plaintiff's Complaint.**

4. At all times relevant herein, Angela Taylor was a citizen of Indianapolis, Marion County, Indiana.

**ANSWER:  Fogle admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.**

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's cause of action arising under 18 U.S.C. § 2255. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under Indiana state law pursuant to 28 U.S.C. § 1367.

**ANSWER:   Fogle admits the allegations set forth in paragraph 5 of Plaintiff's Complaint.**

6. Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred within the Southern District of Indiana.

**ANSWER:   Fogle admits the allegations set forth in paragraph 6 of Plaintiff's Complaint.**

## III. FACTS

7. On several occasions between March 2011 and January 30, 2015, Jane Doe, a minor, along with other minor children, were guests at the current and former residence of

Russell and Angela Taylor in Indianapolis, Marion County, Indiana ("Taylor residence"). Angela Taylor was present during Jane Doe's visits to the Taylor residence.

**ANSWER: Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint, the effect of which is a denial of said allegations.**

8.     At all times that Jane Doe, a minor, was at the Taylor residence, Angela Taylor and Russell Taylor assumed responsibility to exercise reasonable care in the supervision and wellbeing of Jane Doe while she was in their control and custody.

**ANSWER: Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint, the effect of which is a denial of said allegations.**

9.     At some time between March 2011 and January 2015, Russell Taylor installed multiple hidden cameras concealed in clock radios positioned with the intent that they would capture various minors, including Jane Doe, changing clothes, showering, bathing or engaging in other personal and private activities not intended to be observed or viewed by others.

**ANSWER: Fogle admits that at some time between March 2011 and January 2015, Russell Taylor installed multiple hidden cameras positioned with the intent that they would capture various minors changing clothes, showering, bathing or engaging in other personal and private activities not intended to be observed or viewed by others, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of Plaintiff's Complaint, the effect of which is a denial of said remaining allegations.**

10. Defendants had knowledge of the presence of hidden cameras throughout the Taylor residence and knowledge that said hidden cameras were being used with the intent that they would capture various minors changing clothes, showering, bathing or engaging in other personal and private activities and failed to act or otherwise prevent the occurrence of said actions in the future.

**ANSWER: Fogle admits the allegations set forth in paragraph 10 of Plaintiff's Complaint.**

11. At some time between March 2011 and January 2015, Russell Taylor utilized the multiple hidden cameras concealed throughout the Taylor residence for the purpose of secretly producing visual depictions of the nude body of Jane Doe and other minor children. Jane Doe and other minor children were unaware they were being secretly filmed throughout the Taylor residence. Russell Taylor distributed some of these sexually explicit images and videos of Jane Doe and other minor children to Jared Fogle.

**ANSWER: In response to paragraph 11 of Plaintiff's Complaint, Fogle admits that between March 2011 and January 2015, Russell Taylor utilized the multiple hidden cameras concealed throughout the Taylor residence for the purpose of secretly producing visual depictions of minor children. Fogle further admits that some depictions were distributed by Russell Taylor to Fogle. Fogle lacks knowledge and information to form a belief as to the truth of whether any of the depictions included Jane Doe, the effect of which is a denial of said allegation.**

12. On multiple occasions between March 2011 and January 2015, Jared Fogle received from Russell Taylor nude images and videos secretly depicting the nude body of Jane Doe and other minor children.

4

**ANSWER:  In response to the allegations set forth in paragraph 12 of Plaintiff's Complaint, Fogle admits that on multiple occasions between March 2011 and January 2015, Fogle received from Russell Taylor some nude images of minor children.  Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegation whether any of the images depicted Jane Doe, the effect of which is a denial of said allegation.**

13.    Jared Fogle and Russell Taylor discussed among themselves that Russell Taylor was secretly producing nude images and videos of minor children in the Taylor residence in violation of 18 U.S.C. § 2251(a) and Jared Fogle failed to act or otherwise prevent said action from occurring in the future and instead encouraged and solicited such activities to continue.

**ANSWER:  In response to the allegations set forth in paragraph 13 of Plaintiff's Complaint, Fogle admits that Fogle and Russell Taylor discussed among themselves that Russell Taylor was secretly producing nude images and videos of minor children in the Taylor residence and Jared Fogle failed to act or otherwise prevent said action from occurring in the future.  Fogle denies the remaining allegations set forth in paragraph 13 of Plaintiff's Complaint.**

14.    On multiple occasions between March 2011 and January 2015, Jared Fogle and Russell Taylor knowingly distributed and/or received, and unlawfully conspired to distribute and/or receive nude images and videos secretly depicting the naked body of Jane Doe and other minor children, knowing that all those filmed were minors. All of which is a violation of 18 U.S.C. § 2252.

**ANSWER:  In response to the allegations set forth in paragraph 14 of Plaintiff's Complaint, Fogle admits that, in violation of 18 U.S.C. § 2252(a)(2), on multiple occasions**

**between March 2011 and January 2015, Jared Fogle and Russell Taylor knowingly distributed and/or received, and unlawfully conspired to distribute and/or receive nude images. Fogle lacks knowledge and information sufficient to form a belief as to the truth of whether any of the images depicted Jane Doe, the effect of which is a denial of said allegation.**

15.     On May 4, 2015, Russell Taylor was charged with twelve (12) counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one (1) count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), in connection with his recording of nude images and videos secretly depicting the naked body of several minors, including Jane Doe.

**ANSWER:  Fogle lacks knowledge and information sufficient to form a belief as to whether Jane Doe was among the minor children of whom nude images and videos of their naked bodies were taken by Russell Taylor, the effect of which is a denial of said allegation. Fogle admits the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint.**

16.     On August 19, 2015, Jared Fogle was charged with one (1) count of distributing and receiving visual depictions of minors engaging in sexually explicit conduct, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2), in connection of his distribution and/or receipt of the nude images and videos secretly depicting the naked body of several minors, including Jane Doe.

**ANSWER:  In response to the allegations set forth in paragraph 16 of Plaintiff's Complaint, Fogle admits that on August 19, 2015, he was charged with one count of distributing and receiving child pornography, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2).  Fogle lacks knowledge and information sufficient to form a belief as to the truth of whether any visual depictions included Jane Doe, the effect**

**of which is a denial of said allegation. Fogle denies the remaining allegations set forth in paragraph 16 of Plaintiff's Complaint.**

  17. On August 19, 2015, Jared Fogle filed his *Petition to Enter Plea of Guilty and Plea Agreement,* agreeing to enter a plea of guilty as to the one (1) count of distributing and receiving visual depictions of minors engaging in sexually explicit conduct, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2), in connection with his distribution and/or receipt of the nude images and videos secretly depicting the naked bodies of several minors, including Jane Doe.

  **ANSWER:  In response to the allegations set forth in paragraph 17 of Plaintiff's Complaint, Fogle admits that on August 19, 2015, he filed his Petition to Enter Plea of Guilty and Plea Agreement, agreeing to enter a plea of guilty as to the one count of distributing and receiving child pornography and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2).  Fogle lacks knowledge and information sufficient to form a belief as to the truth of whether any of the visual depictions included Jane Doe, the effect of which is a denial of said allegation.  Fogle denies the remaining allegations set forth in paragraph 17 of Plaintiff's Complaint.**

  18. On September 1, 2015, Russell Taylor filed his *Petition to Enter Plea of Guilty and Plea Agreement,* agreeing to enter a plea of guilty as to the twelve (12) counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one (1) count of distributing and receiving visual depictions of minors engaging in sexually explicit conduct, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2), in connection with the nude images and videos secretly depicting the naked bodies of several minors, including Jane Doe.

**ANSWER:  In response to the allegations set forth in paragraph 18 of Plaintiff's Complaint, Fogle admits that on August 19, 2015, Russell Taylor filed his Petition to Enter Plea of Guilty and Plea Agreement, agreeing to enter a plea of guilty as to the one count of distributing and receiving child pornography and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2).  Fogle lacks knowledge and information sufficient to form a belief as to the truth of whether any of the visual depictions included Jane Doe, and to what Russell Taylor actually plead guilty, the effect of which is a denial of said allegations as stated.**

19.    On November 19, 2015, judgment was entered against Jared Fogle in accordance with his plea agreement for his violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2423(b) and (e).

**ANSWER:  Fogle admits the allegations set forth in paragraph 19 of Plaintiff's Complaint.**

20.    On December 10, 2015, judgment was entered against Russell Taylor in accordance with the terms of his plea agreement for his violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252(a)(2).

**ANSWER:  Fogle admits the allegations set forth in paragraph 20 of Plaintiff's Complaint.**

### COUNT I —18 U.S.C. § 2255 — Civil Remedy for Personal Injuries
### JARED FOGLE & RUSSELL TAYLOR

21.    Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

**ANSWER: Fogle incorporates herein by reference his answers to paragraphs 1 through 20 above as if fully rewritten herein as his answer to paragraph 21 of Plaintiff's Complaint.**

22. As set forth herein, Jane Doe, a minor, was a victim of Jared Fogle's violation of 18 U.S.C. 2252(a)(2) and has suffered personal injuries as a result of said violation.

**ANSWER: Fogle denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.**

23. As a direct and proximate result of Jared Fogle's violations of 18 U.S.C.§ 2252, Jane Doe has suffered personal injuries and is entitled to recover damages against Jared Fogle in an amount no less than $150,000.00, costs of this suit and reasonable attorneys' fees, as set forth in 18 U.S.C. 2255(a).

**ANSWER: Fogle denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.**

24. As set forth herein, Jane Doe, a minor, was a victim of Russell Taylor's violation of 18 U.S.C. 2251(a) and 18 U.S.C. 2252(a)(2) and has suffered personal injuries of a result of said violations.

**ANSWER: Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiff's Complaint, the effect of which is a denial of said allegations.**

25. As a direct and proximate result of Russell Taylor's violations of 18 U.S.C.§ 2252, Jane Doe has suffered personal injuries and is entitled to recover damages against Russell Taylor in an amount no less than $150,000.00, costs of this suit and reasonable attorneys' fees, as set forth in 18 U.S.C. 2255(a).

Case 1:16-cv-00578-LJM-TAB   Document 14   Filed 05/16/16   Page 10 of 16 PageID #: 51

**ANSWER:** Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiff's Complaint, the effect of which is a denial of said allegations.

### COUNT II — INFLICTION OF EMOTIONAL DISTRESS
### JARED FOGLE & RUSSELL TAYLOR

26. Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

**ANSWER:** Fogle incorporates herein by reference his answers to paragraphs 1 through 25 above as if fully rewritten herein as his answer to paragraph 26 of Plaintiff's Complaint.

27. Russell Taylor's utilization of multiple hidden cameras concealed throughout the Taylor residence in order to secretly produce visual depictions of the naked bodies of Jane Doe and other minor children, and subsequent distribution of said visual depictions to Jared Fogle, constitutes extreme, outrageous and reckless conduct.

**ANSWER:** Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of Plaintiff's Complaint, the effect of which is a denial of said allegations.

28. Jared Fogle encouragement, solicitation and receipt from Russell Taylor of visual depictions of the naked bodies of various minors, including Jane Doe, and subsequent distribution thereof constitutes extreme outrageous and reckless conduct.

**ANSWER:** Fogle denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

10

29. As a direct and proximate result of the extreme, outrageous and reckless conduct of Russell Taylor and Jared Fogle, and both of them, Jane Doe has and will continue to suffer severe emotional distress and personal injuries.

**ANSWER: Fogle denies the allegations as set forth in paragraph 29 of Plaintiff's Complaint.**

### COUNT III — INVASION OF PRIVACY
### JARED FOGLE & RUSSELL TAYLOR

30. Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

**ANSWER: Fogle incorporates herein by reference his answers to paragraphs 1 through 29 above as if fully rewritten herein, as his answer to paragraph 30 of Plaintiff's Complaint.**

31. At all times material herein, Jane Doe had a reasonable expectation of privacy, physical solitude and seclusion while changing clothes, showering, bathing or engaging in other personal and private activities while in the private quarters at the Taylor residence.

**ANSWER: Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of Plaintiff's Complaint, the effect of which is a denial of said allegations.**

32. Russell Taylor's utilization of multiple hidden cameras concealed throughout the Taylor residence in order to secretly produce visual depictions of Jane Doe and subsequent distribution of said visual depictions to Jared Fogle constitutes an intrusion upon Jane Doe's privacy, physical solitude and seclusion.

**ANSWER: Fogle lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's Complaint, the effect of which is a denial of said allegations.**

33. Jared Fogle encouragement, solicitation and receipt from Russell Taylor of visual depictions of Jane Doe, and subsequent distribution thereof, constitutes an intrusion upon Jane Doe's privacy, physical solitude and seclusion.

**ANSWER: Fogle denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.**

34. As a direct and proximate result of the intrusion upon Jane Doe's privacy, physical solitude and seclusion by Russell Taylor and Jared Fogle, Jane Doe has and will continue to suffer personal injuries and mental anguish.

**ANSWER: Fogle denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.**

### COUNT IV — NEGLIGENT SUPERVISION
### ANGELA TAYLOR & RUSSELL TAYLOR

35. Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

**ANSWER: Fogle incorporates herein by reference his answers to paragraphs 1 through 34 above as if fully rewritten herein as his answer to paragraph 35 of Plaintiff's Complaint.**

36. At all times relevant herein, Angela Taylor resided at the Taylor residence with her husband, Russell Taylor.

37. At all times relevant herein, Defendants Angela Taylor and Russell Taylor were present during Jane Doe's visits to the Taylor residence.

38. At all times relevant herein, Jane Doe, a minor, was entrusted to Angela Taylor's and Russell Taylor's care and supervision and each separately owed a duty to exercise reasonable care in their supervision of Jane Doe.

39. Defendants each breached their respective duty of care to Jane Doe and each was negligent in their respective care and supervision of Jane Doe.

40. Defendants were negligent in that they knew or reasonably should have known of the presence of multiple hidden cameras concealed throughout the Taylor residence which were used to secretly produce visual depictions of the naked bodies of minor guests of the Taylor residence, including Jane Doe. Additionally, Defendants were negligent in that they knew or should have known that the Taylor residence was an unsafe and unfit environment for minor guests, including Jane Doe, due to their knowledge of Russell Taylor's and Jared Fogle's sexual desires, among other things.

41. As a direct and proximate result of Defendants' negligent actions and omissions, Jane Doe suffered severe, traumatic and permanent injuries and mental anguish.

**ANSWER TO 36-41: These paragraphs are not directed to Defendant Fogle, and therefore, no response is required or given, especially since Fogle lacks knowledge and information sufficient to form a belief as to the truth of said allegations set forth in said paragraphs.**

## COUNT V — NEGLIGENCE
## ALL DEFENDANTS

42. Jane Doe incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

**ANSWER:  Fogle incorporates herein by reference his answers to paragraphs 1 through 41 above as if fully rewritten herein as his answer to paragraph 42 of Plaintiff's Complaint.**

43. At all times relevant herein, Defendants owed Jane Doe a duty to act or otherwise prevent the filming of minor guests of the Taylor residence while said minors were changing clothes, showering, bathing or engaging in other personal and private activities.

**ANSWER:  Fogle denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.**

44. At all times relevant herein, Defendants were aware that minor guests of the Taylor residence were being secretly filmed changing clothes, showering, bathing or engaging in other personal and private activities, but failed to act or otherwise prevent said action.

**ANSWER:  Fogle denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.**

45. Defendants breached their duty of care and were negligent in that they were aware that minor guests of the Taylor residence were being secretly filmed changing clothes, showering, bathing or engaging in other personal and private activities, but failed to act or otherwise prevent said action.

**ANSWER:  Fogle denies the allegations set forth in paragraph 45 of Plaintiff's Complaint.**

46. As a direct and proximate result of Defendants' negligent actions and omissions, Jane Doe suffered severe, traumatic and permanent injuries and mental anguish.

**ANSWER: Fogle denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.**

### AFFIRMATIVE DEFENSE

Defendant, Jared Fogle, by counsel, as an Affirmative Defense to Plaintiff's Complaint states that the Plaintiff, Jane Doe, was previously compensated in the amount of $100,000 for her alleged damages as part of the Defendant's Plea Agreement and Court-ordered compensation that was paid in connection with the Court's Sentencing Order. In the event of any judgment against Fogle, Fogle is entitled to a setoff for all amounts paid to Jane Doe or for her benefit pursuant to the Court's Sentencing Order.

WHEREFORE, Defendant, Jared Fogle, by counsel, prays that the Plaintiff, Jane Doe, take nothing by way of her Complaint for Damages, for judgment in his favor and against the Plaintiff, Jane Doe, for costs of this action, and for all other relief proper in the premises.

Dated: May 16, 2016

s/*Steven D. Groth*
Ronald E. Elberger, Attorney No. 6675-49
Steven D. Groth, Attorney No. 17643-71

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 Fax
Relberger@boselaw.com
SGroth@boselaw.com

*Attorneys for Defendant, Jared Fogle*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016 a copy of the foregoing "Defendant, Jared Fogle's Answer and Affirmative Defense To Plaintiff's Complaint For Damages" was filed electronically.  Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>M. Michael Stephenson, Esq.
>mmstephenson@msth.com
>
>Brady J. Rife, Esq.
>brady.j.rife@msth.com

I also certify that on the 16th day of May, 2016 a copy of the foregoing "Defendant, Jared Fogle's Answer and Affirmative Defense To Plaintiff's Complaint For Damages" was mailed, by first-class U.S. Mail, postage prepaid and addressed to the following:

>Russell C. Taylor
>c/o Marianna Federal Correctional Institution
>3625 F C I Road
>Marianna, FL   32446
>
>Angela Taylor
>541 South CR 350 W
>Connersville, IN   47331

>s/*Steven D. Groth*
>Steven D. Groth

2979380/26613.6