UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, by her parent and natural guardian, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 1:16-cv-0578-LJM-TAB<br>) |
| JARED FOGLE, RUSSELL TAYLOR, and ANGELA TAYLOR, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| B.T. and J.T., parents and natural Guardians of Jane Doe, | )<br>)<br>) |
| Third Party Defendants. | ) |

## THIRD PARTY COMPLAINT

Defendant, Jared Fogle ("Fogle"), by counsel, files his Third Party Complaint against B.T. and J.T. the parents and natural guardians of Plaintiff, Jane Doe, pursuant to Rule 14(a), F.R.C.P., since B.T. and J.T. are, or may be liable to Fogle for all or part of the Plaintiff's claims against him.

## COUNT I – INFLICTION OF EMOTIONAL DISTRESS

1. Third Party Defendants B.T. and J.T. who are the birth parents of Jane Doe, were previously married, but are now divorced.

2. B.T. and J.T. had joint legal custody of Jane Doe prior to January 5, 2016, during which time frame B.T. had physical custody of Jane Doe, and J.T. had parenting time.

**EXHIBIT A**

3. Because of an agreement between B.T. and J.T., Jane Doe was required to alternate her living arrangements between the residences of B.T. and J.T. during the time frame from March 2011 to January 2016.

4. The custody and parenting time agreement that required Jane Doe to constantly rotate her living arrangements caused unnecessary stress, anxiety, and trauma for Jane Doe.

5. B.T. and J.T. maintained a hateful and abusive relationship toward each other, which included, but was not limited to, engaging in frequent fighting and arguing between themselves; abusing alcohol and getting drunk; and engaging in frequent fighting, physical abuse, and arguing with Jane Doe, which caused Jane Doe to suffer from emotional distress, anxiety, and major depression before she learned of any allegations involving the Defendants or any acts of the Defendants.

6. Jane Doe was diagnosed as suffering from a major depressive disorder before she learned of any of the allegations involving the Defendants.

7. The outrageous and reckless conduct of J.T. and B.T. committed over a period of several years inflicted personal injuries, emotional distress and psychological injury on Jane Doe from which she will continue to suffer.

8. B.T. and J.T., by their actions, caused Jane Doe to suffer from emotional distress and depression which then resulted in Jane Doe engaging in destructive behaviors, including, but not limited to alcohol abuse, substance abuse, self-mutilation, and suicidal ideation with regard to which B.T. and J.T. are liable.

WHEREFORE, the Defendant, Jared Fogle, by counsel, requests that judgment be entered against the Third Party Defendants, B.T. and J.T. for the damages, including emotional

**EXHIBIT A**

distress, inflicted upon Jane Doe, and for all other relief the Court deems proper in the circumstances.

## COUNT II – NEGLIGENT SUPERVISION

9. Fogle restates and realleges paragraphs 1 through 8 above as if fully rewritten herein.

10. At all times prior to January 5, 2016, B.T. and J.T. had a duty to supervise Jane Doe.

11. At all times prior to January 5, 2016, B.T. and J.T. had a duty to act in the best interests of Jane Doe.

12. Jane Doe engaged in various harmful activities, including, but not limited to, alcohol abuse, substance abuse, self-mutilation, and sexual activity with multiple partners.

13. Jane Doe engaged in the harmful activities before she ever learned about any allegations involving the Defendants.

14. B.T. failed to properly supervise Jane Doe.

15. J.T. failed to properly supervise Jane Doe.

16. Jane Doe's ability to engage in harmful behaviors was the direct result of J.T.'s failure to properly supervise Jane Doe.

17. Jane Doe's ability to engage in these harmful behaviors was the direct result of B.T.'s failure to properly supervise Jane Doe.

18. The Third Party Defendants, through their negligent failure to supervise Jane Doe, caused her to suffer emotional distress and psychological injury.

**EXHIBIT A**

WHEREFORE, the Defendant, Jared Fogle, by counsel, requests that judgment be entered against the Third Party Defendants, B.T. and J.T. for the emotional distress inflicted upon Jane Doe, and for all other relief the Court deems proper in the circumstances.

> Respectfully submitted,
>
> /s/*Steven D. Groth*
> Ronald E. Elberger, Attorney No. 6675-49
> Steven D. Groth, Attorney No. 17643-71
>
> BOSE McKINNEY & EVANS LLP
> 111 Monument Circle, Suite 2700
> Indianapolis, IN  46204
> (317) 684-5000
> (317) 684-5173 Fax
> Relberger@boselaw.com
> SGroth@boselaw.com
>
> *Attorneys for Defendant, Jared Fogle*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> M. Michael Stephenson, Esq.
> mmstephenson@msth.com
>
> Brady J. Rife, Esq.
> brady.j.rife@msth.com

I also certify that on the 1 day of September, 2016 a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid and addressed to the following:

> Russell C. Taylor
> c/o Marianna Federal Correctional Institution
> 3625 F C I Road
> Marianna, FL   32446
>
> Angela Taylor
> 217 S. Grand Avenue
> Connersville, IN  47331

**EXHIBIT A**

s/*Steven D. Groth*
Steven D. Groth

3049592/26613.6

**EXHIBIT A**